## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Government Employees Insurance Company, | Civil Action No. 2:19-0820-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Deja Bland, Kenneth Allen Jenkins, Jr., and Kyajonae Kabrya Mouzon, | |
| Defendants. | |

Before the Court is Plaintiff's motion for judgment on the pleadings. (Dkt. No. 37.) For the reasons set forth below, the motion is granted.

**I. Background**

This is an insurance coverage action in which Government Employees Insurance Company ("GEICO") moves for judgment on the pleadings that the automobile insurance policies it issued to Lisa and John Cobin (the "Cobin Policy") and Kareem and Sharmane Bland (the "Bland Policy") do not provide sole remaining Defendant Deja Bland, the daughter of Kareem and Sharmane Bland, with liability coverage relating to her state court personal injury action arising from an alleged shooting.[1] (Dkt. No. 1 ¶¶ 28-39.)

**II. Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be

---

[1] *Deja T'onni Bland v. Kenneth Allen Jenkins, Jr., Kyajonae Kabrya Mouzon, and John Doe*, Ct. of Common Pleas, Dorchester Cnty. (No. 2018-CP-18-857, May 7, 2018). (Dkt. No. 1-3.)

resolved and the party is entitled to judgment as a matter of law." *Lewis v. Excel Mech., LLC*, 2:13-CV-281-PMD, 2013 WL 4585873 at * 2 (D.S.C. Aug. 28, 2013). The court's review is therefore limited to the pleadings, *Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964), and to "any documents and exhibits attached to and incorporated into the pleadings," *Lewis*, 2013 WL 4585873 at *1. The pleadings on a Rule 12(c) motion should be construed in the light most favorable to the non-movants. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Therefore, the "court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at *2 (internal quotations omitted).

### III. Discussion

The Cobin Policy lists Jenkins as an "additional driver" and provides, in relevant part:

> **SECTION I - Liability Coverages, Losses We Will Pay for *You* Under Section I**
>
> Under Section I, we will pay damages which an *insured* becomes legally obligated to pay because of: (1) *bodily injury*, sustained by a person; and (2) *damage* to or destruction of property; arising out of the ownership, maintenance or use of the owned auto or a non-owned auto.

(Dkt. No. 1-1 at 9) (emphasis in original). The Bland Policy similarly provides, in relevant part:

> Under this coverage we will pay damage for *bodily injury* and *property damage* caused by accident which the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* arising out of the ownership, maintenance or use of that *motor vehicle*.

(Dkt. No. 1-2 at 14. (emphasis in original).

In South Carolina, an insured is entitled to recover damages "arising out of the ownership, maintenance, or use" of the vehicle if (1) there is a causal connection between the vehicle and the injury, (2) no act of independent significance breaks the causal link, and (3) the

vehicle was being used for transportation at the time of the incident. *State Farm Fire & Casualty Co. v. Aytes*, 503 S.E.2d 744, 745 (1998). Regarding the first requisite of the *Aytes* test, a "causal connection is established where it can be shown the vehicle was an 'active accessory' to the assault." *Id.* (quoting *Wausau Underwriters Ins. Co. v. Howser*, 422 S.E.2d 106, 108 (1992)). To be an "active accessory," the vehicle must be used for more than mere "transportation to the situs of the shooting." *Howser*, 422 S.E.2d at 108. Moreover, the "injury must be foreseeably identifiable with the normal use of the vehicle." *Aytes*, 503 S.E.2d at 745-46.

Bland alleges that in May 2015 in the outdoor common area of the Oakbrook Apartments in Ladson, South Carolina, a vehicle driven by Mouzon "rode up" to her when Jenkins, a passenger in the vehicle, "fired a gun and negligently shot and injured" her. (Dkt. No. 1-3 ¶¶ 5-10.) Construing the pleadings in this declaratory judgment action in a light most favorable to Bland, the Court cannot find that her gunshot injury was one "arising out of the ownership, maintenance, or use" of the vehicle.

In particular, South Carolina law precludes finding that there is a requisite causal connection between the vehicle and Bland's gunshot injury, for two reasons. The vehicle was not used for more than mere transportation to the shooting. *See, e.g.*, *Nationwide Mut. Fire Ins. Co. v. Jeter*, No. 3:12-1759-MBS, 2013 WL 3109214, at *5 (D.S.C. June 18, 2013) (using vehicle to "carryout a drive-by shooting" does not support finding "injuries are foreseeable with the normal use of a vehicle"). Nor was Bland's gunshot injury foreseeably identifiable with the normal use of the vehicle. *See, e.g.*, *Nationwide Prop. & Cas. Co. v. Lain*, 402 F. Supp. 2d 644, 649 (D.S.C. 2005) ("Moreover, even if the vehicle was an active accessory as Defendants contend, the use of the vehicle for transportation to the location where [injury occurred] was not the causative factor in [the injury] and was not foreseeably identifiable with the normal use of the

vehicle. Therefore, Defendants cannot establish the causal connection element of the *Aytes* test."); *State Farm Mut. Auto Ins. Co. v. Bookert*, 337 S.C. 291, 293 (1999) (reversing lower courts to grant insurer's declaratory judgment action and hold that pedestrian's injuries from gunshots fired by passenger from inside vehicle were not foreseeably identifiable with normal use of vehicle).

Bland argues in response, in part, that the vehicle was an "active accessory" to the shooting because drive-by-shootings have become prevalent in South Carolina. (Dkt. No. 48 at 9.) This argument is misguided. The *Aytes* causation injury is into whether the specific type of injury sustained is foreseeably identifiable with the normal use of the particular vehicle or type of vehicle used—not vehicles generally anywhere in the state. The South Carolina Supreme Court's holding in *Peagler v. USAA Ins. Co.* is instructive. There, the court answered a question certified to it by the Court of Appeals for the Fourth Circuit as, no, a shooting injury did not arise out the ownership, maintenance or use of the vehicle. 368 S.E.2d 475, 477, 481 (2006). Specifically, the court determined that the injury caused when a shotgun accidentally discharged inside the cabin of a pickup truck was foreseeably identifiable with the normal use of "the pickup truck," because that truck was owned by a hunter who had the day before driven the truck, with the shotgun inside, on forty miles of dirt and paved roads, to scout a hunting ground and practice shooting specifically for the hunting season. *Id.* at 476, 481. The court further found that because "[m]any vehicles in South Carolina, and certainly many pickup trucks, are used for hunting purposes," using "a vehicle to transport firearms to and from hunting grounds is not an abnormal or unanticipated use of a vehicle." *Id.* at 481. By contrast, Bland here contends that an injury from a handgun shooting is foreseeably identifiable with use of this vehicle or Lexus vehicles because other vehicles in the state are increasingly used by other people to drive to other

shootings of other victims. Even if Bland's argument held, as the *Peagler* court went on to find in that instance, the vehicle here is not an "active accessory" to her injury because it was used mere transportation to the shooting. *Id.* at 481; *see also Holmes v. Allstate Ins. Co.*, 786 F. Supp. 2d 1022, 1027 (D.S.C. 2009) (using vehicle "to locate Plaintiff, to position himself next to Plaintiff's vehicle, and to leave the scene of the crime" precludes finding *Aytes* causal connection).

Because the *Aytes* test is not satisfied, the Court finds that Bland's gunshot injury did not "arise from the ownership, maintenance, or use" of the vehicle. Construing the pleadings in a light most favorable to Bland, the Court finds that neither the Cobin Policy nor Bland Policy provides coverage for this gunshot injury.[2]

## IV. Conclusion

For the reasons set forth above, GEICO's motion for judgment on the pleadings (Dkt. No. 37) is **GRANTED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

December 2, 2019
Charleston, South Carolina

---

[2] Bland states that subsequent to GEICO filing the instant motion, in the underlying state court action, she voluntarily dismissed her "assault and battery" and negligence claims against Mouzon and John Doe, and she obtained a trial verdict in her favor against Jenkins. In light of this, Bland states that GEICO's claims here as to coverage for Defendant Mouzon is moot, as are GEICO's claims related to coverage under the Bland Policy. (Dkt. No. 48 at 1.)